At the November term of the present year in Suffolk, the action being continued nisi from the present term for advisement, the opinion of the Court-was delivered by
Parsons, C. J.
If the marriage settlement in this case is a bar to the demandant’s action, this effect must be derived from the supposed jointure settled on the intended wife before marriage with her consent, within the provisions of the statute of 27 Hen. 8, c. 10, which have always been in force here; or from her covenant never to claim or demand dower operatirg as a release.
As to the first ground, it is web known that at common law a jointure made to a wife, before or after marriage, was no' [ * 155 ] bar to her dower; because the dower, being a * freehold estate, could not be barred by any collateral satisfaction. Co. Lit. 36 b. — 4 Co. 1. A jointure therefore, which will be a bar of dower, must be within that statute. But no jointure is by that statute a bar of dower, unless it be a freehold estate in lands, tenements, or hereditaments, for the life of the wife at least, and which shall take effect in possession or profit immediately on the husband’s death.
By comparing a jointure of this description with the provision for the demandant in the marriage settlement before us, there seems to be no color for admitting that provision to be a jointure within the statute ; as it is a mere personal annuity. The statute also makes provision, when the widow is evicted of her jointure, which has been *131 regularly settled upon her, that she may be let in to claim her dower in other lands of her husband’s ; as the consideration, on which she was barred, has totally failed. As in this case the insolvency of the husband has deprived the widow of the contemplated annuity ; if it were possible to consider this annuity as a freehold estate, yet within the equity of this statute, she ought to be admitted to her claim of ■lower, the consideration of her covenant having wholly failed.
Fay for the demandant.
This leads us to the second ground, viz. that the demandant’s covenant ought to have the effect of a release of dower. But this effect cannot be admitted on any correct legal principle. It is true that a covenant never to prosecute an existing demand shall operate as a release, to avoid circuity of action. But a release of a future demand, not then in existence, is void. Now, in this case, the settlement being executed before the marriage, the demand of dower had no existence, the same not being inchoate. On this principle, if there be any relief against the widow on her covenant, it must be by action.
But when we examine the settlement, it is manifest that she covenants on the consideration that the provision made for her is performed. But this consideration has failed through the insolvency of the husband: there is, therefore, no legal or equitable remedy against her or her covenants.
* On this view of the subject, the tenants must be called, [ * 156 ] and the demandant must have judgment to recover her dower, and her damages to be assessed, with her legal costs.

Tenants defaulted.