Johnson, J.
delivered the opinion of the Court.
The agreement, out of which- the question arises, was entered into before, and in contemplation of the marriage between the complainant, then Sarah Lewis, and the intestate, Thomas Gelzer; and it recites, that the said complainant had, il in her own right, an ample estate entailed and secured to her, of which the said Thomas would not take any benefit after her death in consideration whereof, and of the nominal payment of one dollar, she covenants, and agrees, that, if the said Thomas should die, she surviving, “ she will not. have, claim, or demand, or pretend to have, claim, or demand, any dower, or thirds, or any other right, title, interest, claim, or demand, of, in, or to, any of the messuages, lands, tenements, and real estate, whereof the said Thomas may have been seized during the intermarriage aforesaid.”
Under the statute 27 Hen. 8, c. 10, s. 6, which is of force in this State, P. L. 51, this contract cannot operate as a bar to the complainant’s right of dower, because, according to Lord Coke, nothing less than a freehold estate, to commence in possession at the death of the husband, settled upon the wife by way of jointure, would be allowed as a substitute, under the provisions of that statute : Co. Litt. 36 b: and here nothing is provided for the wife. Neither can such a covenant operate as an estoppel at common law. It does not profess to be a relinquishment; and moreover, she had, at the time, no interest upon which a relinquishment could operate. It can therefore bind, at law, only as an agreement not to claim, or demand, her dower, &c. But equity frequently regards that as done, which ought to have been done ; or will, when it is necessary, compel parties, seeking the aid of the Court, to do that, which in conscience they are bound to do.
The complainant was of full age, and under no legal disability to contract; the subject matter was legitimate ; and the consideration of marriage is sometimes said to be the highest known ,to the law: and I confess, that I have not been able to discover any rule, or principle, which discharges her from the obligation, which this agreement imposes. She had an ample fortune of her own, so tied up, that she could not confer it upon the husband ; and in consideration, that he would take her in marriage, she agreed not to claim her dower, or any right of inheritance in his estate. It is a contract without fraud,. and apparently of perfect equality. Both Atherley, and Roper, treat this question as one admitting of no *389 controversy. A jointure, to operate as a bar to dower under the statute, must consist of a freehold estate ; but a woman, under no legal disability, may stipulate to substitute any thing she please in place of it. Atherley on Marriage Settlements, 511,1 Roper Husband and Wife, 480. There is nothing in the case of Hastings v. Dickinson, 7 Mass. 153, opposed to this view ; for the Chief Justice, Parsons, puts that case distinctly on the ground, that the condition, upon which the wife covenanted to renounce her dower, was not performed, and could not be performed, in consequence of the insolvency of the husband. The case of Glover v. Bates, 1 Atk. 439, turned upon the infancy of the wife, at the time when she entered into the agreement. She was therefore incapable of binding herself by an agreement, and nothing but a jointure, in conformity to the statute,'could bar her of dower.
Yeadon, for complainant.
Grimke, contra.
The appeal in this case must therefore be dismissed, and the decree of the Circuit Court affirmed ; and it is so ordered.
O’Neall, J., and Harper, J., concurred.

Decree affirmed.