SAMUEL W. JENKINS, administrator, *vs.* REBECCA P. HOLT.

4n ante-nuptial agreement, relating only to the rights which either party, after the death of the other, may claim in the estate of the deceased, is not a marriage contract within the Gen. Sts. c. 108, §§ 27, 28, which needs to be recorded.

BILL IN EQUITY, filed in August 1871 by the administrator of the estate of Joseph E. Holt, late of North Reading, (who died in February of that year,) to compel the widow of his intestate to accept his payment to her of $5000 in specific performance of an ante-nuptial contract between her and the deceased, (dated June 14, 1861, and not recorded till after his death,) wherein, in consideration of covenants of the deceased, securing that sum to her after his death, and releasing all claim to any share in her property, she covenanted to accept it in lieu of dower and any distributive share in his estate. The defendant answered that the contract was made under the Gen. Sts. c. 108, §§ 27, 28, and was void because not recorded before the end of ninety days after the marriage, which was solemnized soon after the date of the contract. The plaintiff filed a general replication. At the hearing, *Wells,* J., excluded evidence offered by the defendant to prove that the contract was not recorded in conformity with the Gen. Sts. c. 108, § 28, on the ground that the fact, if proved, was immaterial; and reported the case for the determination of the full court.

*W. A. Herrick,* (*J. H. Millett* with him,) for the plaintiff.

*T. H. Sweetser & A. A. Prescott,* for the defendants.

COLT, J. This bill in equity is brought to enforce the specific performance of a marriage contract, by which the defendant covenanted not to claim dower or any distributive share of her intended husband's estate, in consideration of his covenants securing to her a certain sum after his decease and giving up his claim to any part of her estate as tenant by the curtesy or otherwise.

The validity of such a contract, and the power of a court of quity to enforce its specific performance, has been fully recognized by this court. *Tarbell* v. *Tarbell,* 10 Allen, 278. *Sullings* v. *Richmond,* 5 Allen, 187. *Miller* v. *Goodwin,* 8 Gray, 542.

The defendant claims however that this contract became void by the neglect to record it as required by the Gen. Sts. *c.* 108, §§ 27, 28.

These provisions were first substantially enacted in 1845. They are in derogation of the common law regulating rights of property under the marriage relation, and empower the parties before marriage to enter into a contract that after marriage the real and personal property of either shall be held by them according to its stipulations. A schedule of the property, containing a description sufficient to enable a creditor to distinguish it, is required to be annexed; and unless recorded within ninety days after the marriage it is declared to be void. The statute applies only to contracts enabling the parties to hold the property specified to their own use after marriage; and requires such to be recorded, for the obvious reason that creditors might otherwise be defrauded.

The contract here sought to be enforced relates only to the rights which the survivor may claim in the estate of the other when the marriage relation is terminated by death. Its validity does not depend on the statute. It is as independent of its provisions, as a strict settlement by jointure or a pecuniary provision assented to by her in lieu of dower, and these have long been recognized as valid ante-nuptial agreements, which do not require to be recorded to be binding on the parties. Gen. Sts. *c.* 90, §§ 9, 10. *Hastings* v. *Dickinson*, 7 Mass. 153. *Bigelow* v. *Hubbard*, 97 Mass. 195.

The defendant's objection is founded on a misapplication of the provisions of the statute cited to the contract in question.

*Decree for the plaintiff.*