Camden Mutual Insurance Association *v.* Jones.

---

CAMDEN MUTUAL INSURANCE ASSOCIATION *vs.* JONES and others.

1. An ante-nuptial contract to release or not to claim dower, in consideration of an annuity or a provision out of personal property covenanted to be provided in lieu of it, will not bar the claim of dower if the provision on part of the husband fails.

2. In such case the widow can elect to rescind the contract and claim her dower, but she cannot have both. And having put in her claim against her husband's estate—who had died insolvent—under the covenant to secure her annuity, and having accepted her *pro rata* share of the estate for it, she is barred from claiming dower.

3. An administrator of an intestate who owned the equity of redemption in lands sold under a decree for foreclosure, who is decreed to be entitled to the surplus after satisfying the mortgage, for the payment of

the intestate's debts, must execute a bond, with sufficient sureties and with condition as required by the statute in the case of lands sold by the order of the Orphans Court.

On exceptions of Sarah A. Jones to the report of master as to surplus moneys arising from sale of mortgaged premises on a decree of foreclosure.

*Mr. S. M. Dickinson,* for exceptant.

*Mr. P. L. Voorhees,* for administrator.

THE CHANCELLOR.

Lands in Camden were sold by the sheriff of that county, by execution on a decree in this cause for the foreclosure and sale of the same, to satisfy a mortgage held by the complainants. The surplus of $1848.37 was deposited by the sheriff with the clerk. The equity of redemption in the lands sold belonged to Andrew J. Jones, since deceased. His administrator in this state, David Fleming, filed a petition for this money as necessary for the payment of his debts. His widow, Sarah A. Jones, claims that she is entitled to dower out of it. The master has reported that the administrator is entitled to this fund, and that the widow has no claim for dower. To this report the widow excepts.

Andrew J. Jones, the intestate, resided in Pennsylvania. He made an ante-nuptial contract with Sarah A. Jones, now his widow, by which he agreed to settle upon and secure to her, in case she survived him, an annuity of $1500 during her widowhood, and of $500 after re-marriage; and also agreed that she should have entire control and disposition of all her own estate during the marriage, and by will at her death. In consideration of which she released him, his heirs, executors, and administrators from all claims of dower or otherwise, that she might be entitled to after his decease, and she accepted that provision as a full satisfaction of all claims out of his estate, in case she should become his wife and survive him.

Jones died insolvent. Fleming and A. J. Jones, Junior, administered in Pennsylvania. The widow put in her claim against the estate on account of the covenant to secure her annuities, for which the proper court there awarded her the sum of $7952.96, as the value of her annuities; on that amount her *pro rata* dividend out of the estate was settled at $2006.32, which was paid to and accepted by her.

The questions are, did this ante-nuptial contract not performed, bar her dower, and if it did not, did her claim in Pennsylvania, and her acceptance of a dividend, ratify and confirm the contract on her part, if she otherwise could have rescinded it.

It seems settled, both upon principle and by authority, that an ante-nuptial contract to release or not to claim dower, in consideration of an annuity or a provision out of personal property covenanted to be provided in lieu of it, will not bar the claim of dower if the provision on part of the husband fails. 1 *Greenl. Cruise, Tit. 6, Dower, ch. 4, § 17 ; Hastings* v. *Dickenson,* 7 *Mass.* 153 ; *Gibson* v. *Gibson,* 15 *Mass.* 110.

In such case the widow can elect to rescind the contract and claim her dower, but she cannot have both. Here she has elected to claim the annuity and has accepted her *pro rata* share of the estate for it. Her election was wise; she received four times the amount that could be awarded her for dower out of the fund in this court. The property in Camden county was conveyed to Jones subject to the mortgage, and her right to dower was only in the equity of redemption represented by the fund in court.

The exception must be overruled, and the money in court paid to the administrator. But he must execute a bond with sufficient sureties, and with condition as required by the statute in the case of lands sold by the order of the Orphans Court. The bond given on the grant of administration, though otherwise sufficient by the terms of the condition, is only for the faithful administration of the personal estate of the intestate. The sureties could not be held for the failure to administer the proceeds of the sale of his real estate.