EMMA L. WHITMAN, executrix, *vs.* RANSOM C. TAYLOR
& another.

Middlesex.    May 21, 1902. — June 18, 1902.

Present : HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract*, Construction.   *Words*, "Estate."

An agreement to "refrain from making any claim now or hereafter against the
estate" of a certain person who had been a member of a firm, cannot be con-
strued to be merely an agreement to make no claim against the partnership as-
sets, especially where there are no attending circumstances to show a use of
the words in other than their natural meaning.

BILL IN EQUITY, filed July 11, 1901, by an executrix to re-
strain the defendant Taylor from prosecuting an action against
the plaintiff on a guaranty by the plaintiff's testator of a certain
note mentioned by the court.

In the Superior Court the case was heard by *Fox*, J., who
found that the plaintiff was entitled to a decree perpetually
enjoining the action on the guaranty, and at the request of the
respondent Taylor reported the case for the consideration of
this court.   If the ruling was right, a decree was to be entered
on the finding of the judge; otherwise, such decree was to be
entered as justice and equity might require.

*W. A. Gile*, for the defendant Taylor.

*W. H. S. Kollmyer & C. E. Harris*, for the plaintiff.

HOLMES, C. J.   This is a bill in equity brought to restrain
the defendant Taylor from prosecuting a suit against the plain-
tiff as executrix of the will of her husband, Joseph E. Whitman,
upon a guaranty of a note given to Taylor by the defendant
Webster.   The note was given by Webster for money borrowed
by him in order to go into partnership with the deceased.   After
Mr. Whitman's death, the plaintiff holding certain notes of the
firm, the parties made an indenture by which Taylor covenanted
to "refrain from making any claim now or hereafter against the
estate of said J. E. Whitman by reason of the contract of guar-
anty of the note of George G. Webster aforesaid, but that when
the affairs of said partnership have been wound up any surplus

remaining over shall be divided between " the plaintiff and defendant " in the proportion of the face value of the [defendant's] claim . . . against the estate of J. E. Whitman to the face value of the said promissory notes " held by the plaintiff, provided that the defendant's share is not to exceed the " claim he shall have against the estate of the late J. E. Whitman by virtue of the aforesaid contract or guaranty." This is the ground of the plaintiff's suit. The only defence set up is that the indenture should be construed to mean simply that the defendant would not make a claim against the partnership assets. The judge before whom the case was tried found for the plaintiff, and at the request of Taylor reported the case.

We presume that the defendant brought the case here solely for delay. " The estate of J. E. Whitman " does not mean the interest of Whitman in a firm. The words have but one natural meaning, and while if taken literally they are sensible, with the defendant's construction they become absurd. The defendant had no claim against the partnership and none against Whitman's interest in it except as it might be part of Whitman's estate properly so called. If the covenant was a covenant not to pursue the firm or some interest in it, then the provision that the defendant's share shall not exceed his claim " against the estate of the late J. E. Whitman " also must mean that it shall not exceed his claim against the firm or some interest in it, and therefore that it shall be nothing, because he had no such claim. It is unnecessary to refer to outside facts to corroborate plain construction, but the construction is corroborated by the circumstances. The instrument was drawn by an educated lawyer who could have used the words " estate of J. E. Whitman " in but one sense. It was thought that the estate amounted to but little and that the firm would show a handsome surplus, although the fact has turned out the other way.

It is suggested that Taylor's covenant was without consideration, but that does not appear.

*Decree for the plaintiff.*