BENNET B. BRISTOL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96289. Promulgated June 28, 1940.

*D. H. Blair, Esq.,* and *George D. Brabson, Esq.,* for the petitioner.
*Ralph D. Smith, Esq.,* for the respondent.

---

[1] See p. 1442 for dissenting opinion.

266

OPINION.

VAN FOSSAN: The issue for our determination is whether or not certain properties and annuities transferred by petitioner to his wife upon marriage were gifts subject to tax. Petitioner contends that no taxable gifts were made during the taxable year, asserting that he exchanged the properties and annuities in question for his wife's relinquishment of the statutory rights she would acquire by marriage in certain stock and other property and that the transaction amounted to a sale or exchange rather than a gift.

Respondent argues that the exchange was not for "adequate and full consideration in money or money's worth" and that the properties were given to the wife. He urges that although the relinquishment of the wife's statutory interest might be sufficient consideration to support her antenuptial agreement, it was not enough to cause the

transfers to be excluded from the gift tax provisions of the Revenue Act of 1932 as amended (secs. 501 and 503 [1]).

That the release of a widow's statutory rights is sufficient consideration to support an antenuptial contract in Massachusetts is clear. *Jenkins* v. *Holt*, 109 Mass. 262. The agreement between the petitioner and Agnes S. Thompson was a contract embodying such a release. However, in order to comply with the statutory requirement to exempt from gift tax, the contractual consideration must be adequate and full in money or money's worth. *Lillian T. Latty, Executrix*, 23 B. T. A. 1250; affd., 62 Fed. (2d) 296; *Sellar Bullard, Executor*, 34 B. T. A. 243; affd., 303 U. S. 297; *Stella S. Housman*, 38 B. T. A. 1007; affd., 105 Fed. (2d) 973.

The difference between the parties in this case arises partly from the parallelism between certain language used in the gift tax law and that found in the estate tax law. The provision "adequate and full consideration in money or money's worth" appears in both statutes. By section 804 of the Revenue Act of 1932 the estate tax law of 1926 was amended to provide that the release of dower, or similar interests, "shall not be considered to any extent a consideration in money or money's worth." The amendment so made has been held to be "declaratory of the law as it existed in the act of 1926 * * *." *Empire Trust Co.* v. *Commissioner*, 94 Fed. (2d) 307, affirming 35 B. T. A. 866. See also *Sheets* v. *Commissioner*, 95 Fed. (2d) 727, affirming 35 B. T. A. 220; *Helvering* v. *United States Trust Co.*, 111 Fed. (2d) 576, reversing 39 B. T. A. 783. There is no comparable provision in the gift tax law.

Counsel for respondent urges that, despite this omission of the quoted provision from the gift tax sections, we should construe the words "adequate and full consideration in money or money's worth" in the instant case involving gift tax the same as though we were applying the estate tax sections. We are unable to agree. The gift tax under consideration was imposed by the Revenue Act of 1932,

the same act that amended the 1926 Act respecting estate tax as above noted. Both the gift tax provisions and the estate tax amendment were considered in the same Congressional Committee reports. Nevertheless, the amendment was made specifically applicable to the estate tax and was omitted from the gift tax provisions. The only logical conclusion in the light of such facts is that, with both taxes before it, the Congress did not intend the interpretative restriction placed around the estate tax to apply to the gift tax and that the omission thereof from the gift tax provisions was deliberate. We are of the opinion, accordingly, that the relinquishment of dower or other marital rights may, under the gift tax statute, be adequate and full consideration in money or money's worth. The adequacy of the consideration in a given case is a question of fact.

The petitioner was a man 69 years of age. He became engaged to Agnes S. Thompson. He owned stock, valued at over $781,000, in a family company whose control he desired to keep in the Bristol family. To accomplish that end, he executed a will, assented to by Agnes S. Thompson, by which he bequeathed all of his own stock in the company (and also any under his control) possessed by him at the time of his death, to his son and a bank, as trustees, for the benefit of his children. He also bequeathed one-third of the residue of his estate to Agnes S. Thompson. Under the same date she executed an acknowledgment, the effect of which was a waiver of her statutory rights. Upon the execution of the will and Agnes S. Thompson's assent thereto and the acknowledgment thereof, the petitioner purchased for her two annuities costing about $104,000 and caused two residence properties to be conveyed to her and himself as tenants by the entirety. The value of her right in the real estate at the time of the transfer was $19,550.

Thus, Agnes S. Thompson upon marriage received property whose cost or value aggregated over $123,000 and also the right to receive one-third of the petitioner's residual estate upon his death. In exchange she relinquished her statutory rights in all of the petitioner's estate.

Under the laws of Massachusetts (ch. 190, sec. 1 (2), General Laws of Massachusetts, 1932) the surviving wife of a husband dying intestate and leaving issue, takes one-third of the personal and one-third of the real property. Section 9 of chapter 191 provides that "the marriage of a person shall act as a revocation of a will made by him previous to such marriage, unless it appears from the will that it was made in contemplation thereof."

By paralleling Agnes S. Thompson's rights before and after the execution of the agreement in the form of a will, we find that, in the absence of the will and agreement, she would have been entitled to

one-third of the petitioner's Foxboro Co. stock and one-third of his remaining property (since he would have become intestate by the operation of section 9, chapter 191), while after such execution she preserved the same rights as to the remaining property but received assets worth $104,000 in lieu of her prospective rights to one-third of the stock.

By applying the same method of calculation as that used by the respondent in determining the value of her rights in the real estate, we find that her prospective rights in the stock which she relinquished were worth $149,764.50. By this simple arithmetical comparison it appears that the consideration for the transfer by petitioner of the real estate to his wife as a tenant by the entirety and for the procuring of the two annuity contracts in her behalf, was full and adequate in money or money's worth.

Accordingly, the respondent erred in his determination that the petitioner made a gift of an interest in real estate to his wife in the year 1937 by causing the title to the two residence properties to be conveyed to her as a tenant by the entirety. Since the value of the annuity contracts did not constitute a gift, the petitioner made an overpayment of his gift tax for the year 1937.

Reviewed by the Board.

*Decision will be entered under Rule 50.*