GLENDALE COAL COMPANY *vs.* EVA M. NESSON & others, executors.

Norfolk.    October 5, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Release,* Construction.   *Executor and Administrator,* Claim against estate.

A sealed instrument, purporting to release the "estate of" a decedent "of and from all debts . . . and liabilities whatsoever of every name and nature . . . which against the said estate" the releasor then had "or ever had from the beginning of the world to" the date of the instrument and "more especially on account of" goods purchased "to date" "from" a stated date, which was the day after that of the decedent's death, was an effectual bar to an action against the executors of the will of the decedent for goods sold to him as well as for goods sold to the executors after his death.

CONTRACT.   Writ in the Municipal Court of Brookline dated April 30, 1941.

Upon removal to the Superior Court, there was a trial before *Williams,* J., who ordered a verdict for the plaintiff and reported the case to this court for determination.

*S. H. Lewis,* for the defendants.

*A. W. Wunderly,* for the plaintiff.

LUMMUS, J.   This is an action of contract against the executors of the will of Israel Nesson.  The declaration was for merchandise sold and delivered to the testator before his death on March 13, 1940, except that it included what was apparently a small amount of merchandise sold and delivered soon after his death.  No point was made in argument as to this inclusion.  It was agreed that if the plaintiff was entitled to recover, it was entitled to recover $8,500, with interest from April 30, 1941, the date of the writ.

The only defence was a release, given by the plaintiff to "the estate of Israel Nesson" on December 2, 1940, whereby the plaintiff remised, released and forever discharged "the said estate of Israel Nesson of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which against the said estate of Israel Nesson or its heirs and assigns we now have or ever had from the beginning of the world to this date; and more especially on account of fuel purchased from us, the Glendale Coal Co. from March 14, 1940 to date." Before the signature were the words "Witness hand and seal." These words gave the release the legal effect of a sealed instrument. G. L. (Ter. Ed.) c. 4, § 9A. It was agreed that from the time when the testator died, March 13, 1940, to the time of the trial, the executors were buying coal from the plaintiff.

The judge "ruled that the release offered does not refer to the claim or claims set forth in the plaintiff's declaration," and directed a verdict for the plaintiff for $8,500, with interest from the date of the writ. He then reported the case.

The words of the release, "the estate of Israel Nesson," applied even more clearly to the executors in their capacity of settling the liabilities incurred by the testator than they did to the executors in purchasing coal after his death. *Daniels* v. *Pratt*, 143 Mass. 216, 221. *Whitman* v. *Taylor*, 182 Mass. 37. The application of the words "the estate of Israel Nesson" to the executors in their capacity of settling the liabilities incurred by the testator is made more clear, rather than less clear, by the words "more especially on account of fuel purchased from" the plaintiff after the death of the testator. These last words do not exclude the application of the release to liabilities incurred by the testator himself. In our opinion the release destroyed the plaintiff's cause of action. *Klopot* v. *Metropolitan Stock Exchange*, 188 Mass. 335, 337.

*Judgment for the defendants.*