SKOPEK BROS., INC. *vs.* WEBSTER HOUSING AUTHORITY. February 24, 1981. This is an action by which, in the only aspect still material (count 6 of the amended complaint), the plaintiff, as the general contractor on a project for the construction of housing for the elderly, sought an "equitable adjustment" (G. L. c. 30, § 39N, inserted by St. 1972, c. 774, § 4) in the total contract price by reason of the plaintiff's having encountered and overcome actual or latent soil conditions materially different from those predicted by or reasonably to be anticipated from the plans, specifications, test borings and estimates comprising parts of the contract documents. Both parties have appealed from a judgment of the Superior Court. 1. Count 6 should have been dismissed because of the plaintiff's failures to meet (a) the express requirements of § 39N (see *Glynn* v. *Gloucester*, 9 Mass. App. Ct. 454, 460-461 & nn. 8 & 9 [1980]) that "[a] request for such an adjustment shall be in writing and shall be delivered by the party making such claim to the other party as soon as possible after such conditions are discovered" and (b) the express requirements of the general conditions of the contract (virtually identical to those recited in *Powell's Gen. Contr. Co.* v. *Marshfield Housing Authy.*, 7 Mass. App. Ct. 763, 764 n.1 [1979]) which were designed to provide for the resolution of disputes such as the present by the architect (with the approval of the Department of Community Affairs) rather than by a court. (a) It is clear from pars. 11 and 16 of the master's findings (facts final) that the plaintiff commenced the earth work in November of 1973; that the rock conditions now complained of were encountered as early as January of 1974; and that the only writing which might have satisfied the "written request" requirement of § 39N was the claim for additional compensation which the plaintiff submitted (to whom does not appear) in May of 1975, which was some sixteen months after the plaintiff encountered the conditions complained of. There is nothing in par. 20C or par. 20E of the master's findings, or elsewhere in his report, that will pass muster as a finding that the defendant waived or excused compliance with the "written request" requirement. See and compare *Glynn* v. *Gloucester*, 9 Mass. App. Ct. at 462 & n.10. (b) There is nothing in par. 11 of the master's findings, or elsewhere in his report, which would warrant an inference that the plaintiff ever met the requirements of the general conditions that it call the unforeseen rock conditions to "the attention of the Architect and the Deputy Commissioner of the Department of Community Affairs . . .

immediately . . . [and before the conditions] are disturbed." Nor is there anything in par. 12 of the findings, or elsewhere, which would warrant an inference that compliance with those conditions was ever waived or excused by anyone. 2. The question raised by the plaintiff's cross appeal (which was directed to the master's computation of damages under count 6) is moot in view of the conclusions reached in part 1 hereof. The judgment is to be modified by striking out the third paragraph thereof and, as so modified, is affirmed.

*So ordered.*

*Ernest A. Belforti* for the defendant.
*James Moriarty, Jr.,* for the plaintiff.