HANSLIN BUILDERS, INC. vs. BRITT DEVELOPMENT CORP.
& another.                                    ¹

Suffolk. January 10, 1983. — February 15, 1983.

Present: GREANEY, PERRETTA, & DREBEN, JJ.

*Contract*, Performance and breach, Arbitration. *Arbitration*, Stay of
judicial proceedings. *Practice, Civil*, Presumptions and burden of
proof.

An action on certain promissory notes given in payment for work done
under a construction contract was not precluded by an arbitration
clause in the contract, in the absence of an adequate demand for ar-
bitration by any party or recourse by any party to proceedings to com-
pel arbitration. [321]
A motion to stay proceedings, in an action on promissory notes given in
payment for work done under a construction contract, pending arbi-
tration of disputes arising under the contract, was properly denied
where, at the time the motion was filed, the judge could have found
that no proper claim for arbitration had been made, that no arbitra-
tion was pending, and that no order or application for an order to
compel arbitration had been made under G. L. c. 251, § 2(*a*).
[321-322]
In an action on certain promissory notes given in payment for work done
under a construction contract, the judge properly directed a verdict
for the plaintiff building contractor where, after a master had found
that the plaintiff had fully performed the agreement and that the de-
fendants were in breach, the defendants failed to introduce evidence
which would have warranted the jury in finding any violation of the
agreement by the plaintiff. [322-324]

CIVIL ACTION commenced in the Superior Court on
September 16, 1975.
A motion to dismiss was heard by *Ford, J.*, and a motion
to stay proceedings by *Adams, J.*
The case was tried before *Morse, J.*
*Gerard Arthur Powers* for the defendants.
*M. Robert Dushman* for the plaintiff.

GREANEY, J.  This is an action by the plaintiff, a builder, to recover on two promissory notes executed by Britt Development Corp. and guaranteed by its principal, Edward L. Britt.  The notes constituted part payment for the plaintiff's construction of single family houses in the town of Sandwich for the corporate defendant.  They were executed on November 13, 1974, simultaneously with an agreement by which the parties agreed, in pertinent part, that the notes, which were to be held in escrow by the plaintiff's attorney, would be delivered after construction was completed on two remaining houses.  The case was tried to a jury in the Superior Court.  After the defendants rested, the judge allowed the plaintiff's motion for a directed verdict, Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974).  Judgment entered in the plaintiff's favor for the balance due on the notes, with interest.

The November 13, 1974, agreement between the parties provided for arbitration of certain disputes enumerated therein.  The agreement further provided that the work required of the plaintiff would be deemed "completed" upon fulfilment of the terms of the building contracts and the issuance of certificates of occupancy.  Occupancy certificates were issued on January 10, 1975.  At some point thereafter, the notes were released from escrow.  On March 5, 1975, an agent of the defendants indicated in a memorandum that certain (essentially) minor items needed completion.  The memorandum mentioned no dispute.  On June 18, 1975, the defendants' attorney wrote to the plaintiff's attorney to advise that payment would not be made on the notes because the houses had not been properly constructed.  The letter failed to specify the nature of any of the alleged defects.  The final sentence of the letter nominated an individual "to arbitrate any of the foregoing matters disputed," although no demand for arbitration was made or arbitrable dispute stated.  The plaintiff commenced this action to collect on the notes on September 16, 1975.  The defendants filed a motion to dismiss on October 14, 1975, alleging that the arbitration clause deprived the court of

subject matter jurisdiction and that the complaint failed to state a cause of action because of the clause. The motion was denied. On November 18, 1975, the defendants moved to stay proceedings "pending arbitration." That motion was denied. The case was thereafter tried before a master (who found for the plaintiff), and again before a jury (that last proceeding resulting in the present judgment for the plaintiff). The defendants now claim that the judgment should be set aside and the case remanded for arbitration because the rulings on the motions erroneously denied them their rights under the agreement.

1. The motion to dismiss was correctly denied. "It is well settled that a clause providing for the resolution by arbitration of disputes arising under an agreement is not jurisdictional, *Morales Rivera* v. *Sea Land of P.R., Inc.*, 418 F.2d 725, 726 (1st Cir. 1969), and that the parties waive the arbitration clause if . . . they proceed to [litigate] the issues in dispute without making a [proper] request for arbitration," *Tumim* v. *Palefsky*, 7 Mass. App. Ct. 847 (1979), and cases cited. In addition to the fact that the arbitration clause could be waived, the motion judge could have noted that the parties had agreed, in the event of a default (such as the failure to pay on the notes), that they could pursue "all rights and remedies which the law may provide . . . ." In the absence of an adequate demand for arbitration by either party or recourse to proceedings to compel arbitration (see discussion, *infra*), the judge could reasonably conclude that the complaint stated a claim on the notes sufficient to withstand a motion under Mass.R. Civ.P. 12(b)(6), 365 Mass. 755 (1974), *Nader* v. *Citron*, 372 Mass. 96, 104 (1977), and general post-rules pleading principles, see *Charbonnier* v. *Amico*, 367 Mass. 146, 152-153 (1975); and that the claim was not precluded by the arbitration clause.

There was also no error in the denial of the motion for a stay. Despite the last sentence of the defendants' June 18, 1975, letter, arbitration was never expressly demanded. The defendants did not seek an order to compel arbitration

under G. L. c. 251, § 2(a), and there is nothing in the record to indicate that the motion judge or the parties treated the motion for a stay as a motion for an order to compel arbitration. Compare *Danvers* v. *Wexler Constr. Co.*, 12 Mass. App. Ct. 160, 162 & n.3 (1981). When the motion for a stay was filed, the judge could have found that no proper claim for arbitration had been made, that no arbitration was pending, and that no order or application for an order to compel arbitration had been made under § 2(a). See G. L. c. 251, § 2(d), inserted by St. 1960, c. 374, § 1, providing that an action "shall be stayed if an order for arbitration or an application therefor has been made under [§ 2(a)]." We note also that if an order to compel arbitration had been sought under G. L. c. 251, § 2(a), and denied, it would have been immediately appealable under G. L. c. 251, § 18(a)(1). We think it contrary to the purposes of the arbitration statute and the policy of finality to allow a party to challenge the judgment on the basis of an arbitration clause when he has not pursued the clearly defined remedy provided by G. L. c. 251, § 2(a), and has instead presented the case to a master and thereafter to a jury. See *Tumim* v. *Palefsky, supra.* Cf. *Powell Gen. Contr. Co.* v. *Marshfield Housing Authy.*, 7 Mass. App. Ct. 763, 767-768 (1979).

2. The defendants argue that the judge improperly excluded evidence of the plaintiff's failure to arbitrate, which had been offered to show that the plaintiff had failed to abide by the November 13, agreement. In view of the discussion in part 1 of this opinion, the judge's ruling that the evidence was irrelevant was not error.

3. The defendants claim that the judge should not have directed a verdict for the plaintiff. The master found (in a reasonably detailed report) that by March 21, 1975, the plaintiff had completed all that was required of it under the parties' agreement with the exception of the application of a second coat of stain on an outside deck of one house; that the plaintiff did nothing which "caused . . . loss of sales of the houses" or diminished their value; that "settlement of the

foundation" of one house caused its living room floor to settle about one-half inch and "minor distortion" to certain doors; that those doors were "squared so that they functioned properly"; and that the "settling of the floor did not hinder the sale or the value of the house." Based on these findings, the master concluded that the plaintiff had fully performed the agreement and that the defendants were in breach and were liable on the notes. Upon introduction of the report in evidence before the jury, "Each and every finding of fact, whether general or detailed, ultimate or subsidiary, reported by [the master became] *'prima facie evidence'." Cook* v. *Farm Serv. Stores, Inc.,* 301 Mass. 564, 566 (1938). See Mass.R.Civ.P. 53(e)(3), 365 Mass. 820 (1975). This well-established rule put the burden on the defendants, if they were to avoid judgment against them, to introduce evidence which would warrant findings by the jury contrary to those made by the master. *Cook* v. *Farm Serv. Stores Inc., supra.* There is nothing in the report itself which undermines the prima facie effect of the findings. Compare *Lakeville* v. *Cambridge,* 307 Mass. 433, 437 (1940). The testimony of the defendant Britt and his agent was insufficient to dispute the master's findings in the sense required by the *Cook* case. The testimony of the defendants' expert on the foundation settlement problem did not negate the master's finding of full performance inasmuch as the expert assumed certain critical facts in reaching his opinion which were not in evidence. His testimony was entitled to no weight. See *State Bd. of Retirement* v. *Contributory Retirement Appeal Bd.,* 342 Mass. 58, 65-66 (1961); *Sweeney's Case,* 3 Mass. App. Ct. 284, 286 (1975). Cf. *MacKay* v. *Ratner,* 353 Mass. 563, 566-567 (1968). At the conclusion of all the evidence, it was apparent that the defendants had failed to introduce any proof which would warrant the jury in finding that the problem with the foundation's settlement was due to faulty construction. Moreover, there was no evidence to warrant a finding that any deficiencies existed after the plaintiff had completed its corrective work which would constitute a violation of the

agreement.   In the circumstances, the master's findings re-
tained their prima facie quality, and like the situation in
*Wade* v. *Buchanan*, 306 Mass. 318, 321-324 (1940), re-
quired the trial judge to direct a verdict.   See generally *Zar-
rillo* v. *Murphy*, 311 Mass. 493, 495 (1942); *Horwitz* v.
*Sulham*, 342 Mass. 327, 329 (1961); *McGovern* v. *Tinglof*,
344 Mass. 114, 118-119 (1962).

*Judgment affirmed.*