Botsford, J.
The plaintiff, Brian Alberston (“Albert-son”), commenced this action against defendants Mag-netmakers LLC (“Magnetmakers”) and Stuart Bloom (“Bloom”) seeking damages resulting from breach of contract, breach of fiduciary duty, conversion, violation of covenant of good faith and fair dealing, fraud, and violation of G.L.c. 93A.
In June 1999, Albertson and Bloom executed an operating agreement (“Agreement”) which governed the operations of Magnetmakers, a business venture formed to develop technology for a process of creating magnetic materials. Pursuant to §10 of the Agreement “any dispute among the Members or between the Company and any Member under or relating to” the Agreement must be resolved through arbitration. The thrust of the Albertson’s action is based on the defendants’ alleged failure to make specified capital contributions of technology and the unauthorized withdrawal of funds, both in violation of the Agreement.
The defendants’ motion to dismiss under Mass.R.Civ.P. 12(b)(1) must be denied. “It is well settled that a clause providing for the resolution by arbitration of disputes arising under an agreement is not jurisdictional.” Hanslin Builders, Inc. v. Britt Dev. Corp., 15 Mass.App.Ct. 319, 321, rev. denied, 388 Mass. 766 (1983).
In the alternative the defendants move to compel Albertson to arbitrate his claims as provided by the arbitration clause in the Agreement and pursuant to G.L.c. 251, §2(a). Albertson counters that the fraud, deceit, and intentional misrepresentation claims, and tort-like elements of the G.L.c. 93 A claim predominate, and preclude the defendant’s contractual defense seeking arbitration. The plaintiff s argument is based on case law which holds that when a c. 93A claim is essentially based in tort, contractual damage limitation provisions do not apply. See, e.g., Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass.App.Ct. 545, 550 (1995). I conclude that these cases are inapplicable, since none relates to arbitration provisions.
Under Massachusetts law, a written agreement to arbitrate “shall be valid, enforceable, and irrevocable." G.L.c. 251, §1. See O’Brien v. Hanover Ins. Co., 427 Mass. 194, 200 (1998). It is immaterial whether the claims are based in tort or in contract. See, e.g., Quirk v. Data Terminal Systems, Inc., 379 Mass. 762, 768 (1980) (finding claim of fraud in the inducement of the contract arbitrable under arbitration clause); Loche v. Dean Witter Reynolds, Inc., 26 Mass.App.Ct. 296, 303-04 (1988) (finding claims of fraud, conversion, and misrepresentation arbitrable under clause providing for arbitration of “any controversy . . . arising out of or related to this contract”); Greenleaf Engineering & Constr. Co., Inc. v. Teradyne, Inc., 15 Mass.App.Ct. 571, 574-75 (1983) (G.L.c. 93A, §11 claim arbitrable under Massachusetts law).[2] Although the plaintiffs complaint does contain tort based claims, these claims are significantly connected to the Agreement and are subject to the arbitration provision.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss is DENIED and the motion to compel arbitration is ALLOWED. Pursu *174 ant to G.L.c. 251, 2(d), this action is stayed pending arbitration.

Albertson’s G.L.c. 93A claim is brought under §11. In contrast to a § 11 claim, a c. 93A, §9 claim may not be forced into arbitration. See Hannon v. Original Gunite Acquatech Pools, Inc., 385 Mass. 813, 816 (1982). There may be a question whether G.L.c. 93A applies to these parties dispute in any event. See, e.g., Szalla v. Locke, 421 Mass. 448, 451-52 (1995), and cases cited.