NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-144

LOURENCO GARCIA

vs.

SANTANDER BANK, N.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Lourenco Garcia, appeals from a judgment of the Superior Court dismissing his amended complaint against the defendant, Santander Bank, N.A. (Santander), pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  We affirm.

Background.  We summarize the facts from Garcia's amended complaint, accepting as true the facts alleged therein as well as any reasonable inferences drawn therefrom.  See Lopez v. Commonwealth, 463 Mass. 696, 700 (2012).  Garcia maintained a checking account at Santander since 2013 and a savings account at Santander since 2019.  Over time, Garcia's accounts "accumulated significant funds."  Prior to December of 2021, Garcia "made no large withdrawals, card purchases or wire transfers."

Between December 13, 2021, and January 4, 2022, Garcia used funds from his Santander accounts to make two "online card purchases," and seven wire transfers in an amount totaling $751,500. Specifically, Garcia made two online card purchases at "Crypto.com," a "popular cryptocurrency platform," and initiated seven wire transfers in person at Santander bank branches. The wire transfers were made to an account at the Metropolitan Commercial Bank of New York, and "the funds were immediately used to purchase cryptocurrency from Crypto.com, and thereafter from a purported cryptocurrency platform CoinEgg." Garcia later discovered that "the CoinEgg platform is a scam, and he has therefore lost all of the funds ultimately transferred there."

On October 25, 2022, Garcia filed a complaint in the Superior Court against Santander. On January 6, 2023, Garcia filed an amended complaint alleging breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and violation of G. L. c. 93A. In the amended complaint, Garcia averred, inter alia, that Santander's "Personal Deposit Account Agreement" (Agreement) with him states that Santander "may decline or prevent any or all transactions to or from your Account," in certain circumstances, including if Santander "suspect[s] that you may be the victim of a fraud, scam, or financial exploitation, even though you have authorized

2

the transaction(s)," or if Santander "suspect[s] that any transaction may involve illegal activity or may be fraudulent."[1] He also averred that Santander's website contained representations as to steps Santander would take to protect customers from fraud, including a statement that "if we see any transactions that follow patterns fraudsters typically use, we will text you or email you to ask whether or not you authorized the transactions."[2]

On March 1, 2023, Santander moved to dismiss the amended complaint for failure to state a claim under rule 12 (b) (6). On November 16, 2023, a Superior Court judge issued a written decision allowing Santander's motion to dismiss. A "judgment on motion to dismiss" entered on November 17, 2023, and this appeal ensued.

Discussion. "We review the allowance of a motion to dismiss de novo." Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014). "We accept as true the facts alleged in the plaintiff['s] complaint as well as any favorable inferences that reasonably can be drawn from them." Id. "Factual allegations are sufficient to survive a motion to

---

[1] A copy of the Agreement was attached to the amended complaint as an exhibit.

[2] A copy of a printout from Santander's website was attached to the amended complaint as an exhibit.

dismiss if they plausibly suggest that the plaintiff is entitled to relief."  A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018).  The plaintiff must plead more than "subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts" (quotations and citation omitted).  Schaer v. Brandeis Univ., 432 Mass. 474, 478 (2000).

On appeal Garcia argues, in essence, that the combination of the following factual allegations in the amended complaint plausibly suggest an entitlement to relief:  (1) the "unprecedented nature of . . . Garcia's banking activity"; (2) the "[r]ampant fraud in the cryptocurrency space" which Santander knew or should have known of; and (3) Santander's representations in the Agreement and on its website.  Stated otherwise, Garcia contends that Santander promised to protect him from fraud and failed to do so.  The claim fails for several reasons.

First, it is undisputed that Garcia was the account holder and authorized all the transactions at issue.  There is no claim that Santander allowed an unauthorized or fraudulent transfer from Garcia's account to occur.  Rather, Garcia claims that Santander failed to prevent him from entering into transactions with another bank and with an entity that was involved in the cryptocurrency space.  Garcia does not identify any provision of

4

the contract that obligated Santander to take such action.  See generally I & R Mechanical, Inc. v. Hazelton Mfg. Co., 62 Mass. App. Ct. 452, 454 (2004); Restatement (Second) of Contracts § 1 (1981).

Furthermore, Garcia's claim in the amended complaint that "[t]he Agreement obligates Santander to stop any transaction that it suspects is fraudulent and otherwise protect . . . Garcia from fraud" is inaccurate.  The Agreement states that Santander "may decline or prevent any or all transactions to or from [an] Account," but does not obligate Santander to do so. Also, the amended complaint does not allege that the information on Santander's website was part of or incorporated into the Agreement, or otherwise constituted an independent contractual agreement.

In addition, the amended complaint fails to identify any legal duty violated by Santander in the instant case. "Massachusetts law is clear . . . that banks do not have a duty to depositors to make inquiry as to withdrawals by an authorized person that do not contravene an express limitation on his authority to draw on the account."  Schlichte v. Granite Sav. Bank, 40 Mass. App. Ct. 179, 181 (1996).  "Rather, a bank's liability turns on its actual knowledge of a misappropriation of the depositor's funds."  Id.  For these reasons, the breach of

contract and breach of the covenant of good faith and fair dealing claims fail as a matter of law.[3]

Finally, the amended complaint fails to identify any false information that Santander provided to Garcia.  See Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 471-472 (2009) (negligent misrepresentation claim requires proof that party supplied false information for guidance of others in their business transactions and that others justifiably relied on information and suffered pecuniary loss caused by such justifiable reliance).  The amended complaint also does not allege any undue or deceptive act or practice within the meaning of G. L. c. 93A.  For these reasons, as well as those discussed

---

[3] Garcia also argues that Santander failed to respond to his demand for arbitration and thus waived arbitration.  Santander does not dispute this contention.  To the extent that Garcia claimed in the amended complaint that Santander breached the Agreement by failing to comply with the arbitration provision therein, we note that Garcia neither articulates a legal basis for this claim nor cites to any authority for it in his appellate brief.  The claim is thus waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  See also Tobin v. Commissioner of Banks, 377 Mass. 909, 909 (1979).  We further note that Garcia did not file a motion to compel arbitration.  See Hanslin Bldrs., Inc. v. Britt Dev. Corp., 15 Mass. App. Ct. 319, 321-322 (1983) (noting defendants' failure to seek an order to compel arbitration).  See also G. L. c. 251, § 2 (a) ("A party aggrieved by the failure or refusal of another to proceed to arbitration under an agreement described in section one may apply to the superior court for an order directing the parties to proceed to arbitration").

supra, the chapter 93A and negligent misrepresentation claims likewise fail as a matter of law.

Judgment affirmed.

By the Court (Neyman, Shin & Wood, JJ.[4]),

Clerk

Entered: April 18, 2025.

---

[4] The panelists are listed in order of seniority.