ETHEL P. TUMIM *vs.* BERTRAM NORMAN PALEFSKY. January 23, 1979. It is well settled that a clause providing for the resoluton by arbitration of disputes arising under an agreement is not jurisdictional, *Morales Rivera* v. *Sea Land of P.R. Inc.,* 418 F.2d 725, 726 (1st Cir. 1969), and that the parties waive the arbitration clause if (as we infer from the appendix is the case here) they proceed to a trial of the issues in dispute without making a request for arbitration. *Agoos Kid Co.* v. *Blumenthal Import Corp.,* 282 Mass. 1, 14 (1933). *Commercial Iron & Metal Co.* v. *Bache Halsey Stuart, Inc.,* 581 F.2d 246, 249 (10th Cir. 1978). *DeSapio* v. *Kohlmeyer,* 35 N.Y.2d 402, 405 (1974). *Zimmerman* v. *Cohen,* 236 N.Y. 15, 19 (1923). Domke, The Law and Practice of Commercial Arbitration § 19.01, at 181 (1968). We have discovered no authority, nor can we think of any sound reason, for applying a different rule in the case of an arbitration clause appearing in a separation agreement incorporated in a divorce judgment. No other issue has been argued in this appeal.

*Judgment affirmed.*

*Robert L. Burke* for the defendant.
*Jeffrey N. Moxon* for the plaintiff.

DANIEL ROBINSON *vs.* COMMISSIONER OF DEPARTMENT OF YOUTH SERVICES. January 23, 1979. Since the appellant has not shown good cause for his failure to pay the docket fee within the time prescribed by Mass.R.A.P. 10(a), as amended, 367 Mass. 919 (1975), or the existence of a meritorious appeal, we affirm the order of the single justice denying the appellant's motion to docket his appeal late. See *Vyskocil* v. *Vyskocil,* 376 Mass. 137, 139-140 (1978); *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 (1975); *Westinghouse Elec. Supply Co.* v. *Healy Corp.,* 5 Mass. App. Ct. 43, 57-62 (1977).

*So ordered.*

*Joseph F. Annunziata, Jr.,* for the plaintiff.
*Nicholas P. Arenella,* Assistant Attorney General (*Elizabeth E. Laing,* Assistant Attorney General, with him) for the defendant.