ARTHUR E. MARTIN & others[1] vs. KARL E. NORWOOD
& others.[2]

Norfolk. March 6, 1985. — June 11, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Federal Arbitration Act. Arbitration,* Waiver. *Waiver.*

The record in an action arising from a failed joint venture did not support the
    defendants' contention that, in light of the Federal policy favoring arbi-
    tration, the judge had abused his discretion in determining that the
    defendants had waived their right to arbitration. [161-163]

CIVIL ACTION commenced in the Superior Court Department
on July 6, 1983.

A motion to stay proceedings and order arbitration was heard
by *Harry J. Elam, J.*

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Marcus E. Cohn (Kathy B. Weinman* with him) for the
defendants.

*Daniel F. Featherston, Jr.,* for the plaintiffs.

NOLAN, J. Pursuant to G. L. c. 251, § 18 (a) (1) (1984
ed.), the defendants appeal from a Superior Court judge's order
denying the defendants' motion to compel arbitration. The
plaintiff Martin Brothers, Inc. (MBI),[3] and the defendant Nor-
wood Group International Investment Associates, III (NGIIA),[4]

---

[1] Peter M. Martin and Martin Brothers, Inc.

[2] Erling Lagerholm, Norwood Group International Investment Associates,
III, and Norwood Group International, Inc.

[3] MBI was a closely held Delaware corporation; Arthur and Peter Martin
were the sole shareholders of MBI.

[4] NGIIA was a limited partnership, Karl Norwood was the sole general
partner. The defendant Erling Lagerholm was allegedly the development
director of the joint venture, and an employee of NGIIA and Norwood

formed "a joint venture to acquire, develop, own, operate, invest in and sell" certain real property located in Florida. These parties executed a joint venture agreement (agreement) which contained an arbitration clause and stated that the agreement "shall be construed and enforced in accordance with the laws of the State of Florida." The joint venture eventually failed. The plaintiffs filed a complaint in the Superior Court alleging: (1) a breach of a fiduciary duty the defendants[5] owed to the plaintiffs pursuant to the agreement; (2) unfair or deceptive trade practices which the defendants committed; (3) a breach of the agreement by the defendants; and (4) negligence and a breach of a duty of reasonable care the defendants owed the plaintiffs pursuant to the agreement. The defendants filed various motions to dismiss and a motion to compel arbitration. The judge denied the defendants' motions. The defendants appealed and we transferred the case to this court on our own motion.

We need not summarize the facts underlying this dispute between the parties. The sole issue before us on this appeal is whether the judge properly denied the defendants' motion to compel arbitration. We, therefore, briefly summarize the facts as they relate to a denial of that motion.

The defendants individually filed motions to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and Mass. R. Civ. P. 8 (e), 365 Mass. 749 (1974). The defendant NGIIA filed a motion to stay proceedings and requested an order compelling arbitration.[6] A hearing on the motions was held on January 30, 1984. At that hearing, NGIIA withdrew its motion to stay proceedings and request for an order compelling arbitration. The defendants allege that this

---

Group International, Inc. (NGI). NGI was allegedly a closely held Delaware corporation with Karl Norwood as the principal shareholder and managing officer.

[5] The plaintiffs excluded Lagerholm from this count of the complaint.

[6] The defendants assert that the parties "treated the motion to compel arbitration as if it were made on behalf of all defendants, not just NGIIA." The plaintiffs disagree. As we resolve this issue on the propriety of the judge's finding of waiver, we need not reach this issue.

withdrawal was based on the plaintiffs' assertion that the arbitration clause was voidable under Florida law. The judge denied the defendants' motions to dismiss.

In a letter to the Superior Court clerk dated February 14, 1984, the defendants' attorney stated, in part, that since the withdrawal of the motion to stay proceedings and request to compel arbitration, the attorney became aware of a Supreme Court decision of January 23, 1984, "which held that the Federal Arbitration Act, 9 U.S.C. § 2, [*sic*] preempts state law invalidating arbitration agreements in transactions involving commerce." See *Southland Corp.* v. *Keating,* 465 U.S. 1 (1984). The defendants requested "that the Court hear and decide their Motion to Stay Proceedings and Request for Order Compelling Arbitration," because "the Florida law on which Plaintiffs relied in part in their memorandum opposing the motion," was inapplicable.

The defendants filed a memorandum in support of the motion regarding arbitration. In that memorandum, the defendants argued that, under the applicable Federal standard, the defendants had not waived the right to seek arbitration.[7] On March 2, 1984, a judge denied the defendants' motion regarding arbitration, concluding that "[d]efendant in [the] court's judgment has waived arbitration by its actions."[8] For the reasons set forth below, we conclude that the defendants have failed to show that the judge abused his discretion in determining that the defendants had waived arbitration.

The Federal Arbitration Act, 9 U.S.C. §§ 1-14 (1982) (Act), "create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). "Federal law in the terms of the Arbitration Act governs that issue in either state or federal

---

[7] The record appendix only contains two pages of this memorandum. These pages pertain to this particular issue. The appendix does not contain any other memoranda, findings of facts or transcripts pertaining to either the January 30, 1984, or subsequent hearings in the Superior Court.

[8] The same judge did not sit and decide the motions on January 30, 1984, and the subsequent motions.

court." *Id.* The enforceability of an arbitration clause cannot be precluded by State law. *Southland Corp.* v. *Keating,* 465 U.S. 1, 12 (1984). Whether a party has waived arbitration is a question of arbitrability for the court to determine. Rodman, Commercial Arbitration § 6.1, 186-189 (West 1984). See *Davis* v. *Chevy Chase Fin. Ltd.,* 667 F.2d 160, 166-167 (D.C. Cir. 1981). "[W]here, as here, the issue of waiver turns on the significance of actions taken in a judicial forum, the issue is one for the court, rather than the arbitrator, to determine." *Weight Watchers of Quebec Ltd.* v. *Weight Watchers Int'l, Inc.,* 398 F. Supp. 1057, 1059 (E.D.N.Y. 1975). An individual explicitly or by inference may waive the right to arbitrate an otherwise arbitrable dispute. *American Locomotive Co.* v. *Gyro Process Co.,* 185 F.2d 316, 318-319 (6th Cir. 1950). A court must not infer lightly a waiver of the right to arbitrate a dispute. *Midwest Window Syss.* v. *Amcor Indus., Inc.,* 630 F.2d 535, 536 (7th Cir. 1980). "The essential question is whether, under the totality of the circumstances, the defaulting party acted '"inconsistently" with the arbitration right.'" *Dickinson* v. *Heinold Sec.,* 661 F.2d 638, 641 (7th Cir. 1981), quoting *Midwest Window Syss., supra* at 537. An executory waiver is in the nature of a contract and requires consideration; however "a waiver, partaking of the principle of an election, like an election needs no consideration, and cannot be retracted." *American Locomotive Co., supra* at 320. An appellate court, reviewing a judge's finding that a party has waived arbitration, must determine whether, in light of the strong Federal policy favoring arbitration, the judge abused his discretion. *Shinto Shipping Co.* v. *Fibrex & Shipping Co.,* 572 F.2d 1328, 1331 (9th Cir. 1978). The judge in this case was required to determine whether the defendants had waived arbitration based on this applicable Federal law. *Moses H. Cone Memorial Hosp., supra* at 24-25.[9]

---

[9] The defendants' attorney apparently believed that the application of Federal law in a State court to a determination of arbitrability was first required by *Southland Corp.* We disagree. As the language cited indicates, the applicability of State law in this context was apparent based on *Moses H. Cone Memorial Hosp., supra.*

Although whether the defendants waived arbitration is a question of substantive Federal law, our procedural rules apply to the proceedings involving a judicial determination of waiver. *Southland Corp., supra* at 16 n.10. The Massachusetts Rules of Appellate Procedure, therefore, govern the procedural aspects of our review of the judge's determination of waiver. The defendants argue that the judge's determination of waiver was not supported by the evidence. They allege that their actions in a collateral bankruptcy proceeding and in withdrawing the motion regarding arbitration did not constitute waiver of the right to arbitrate. The record, however, does not contain any transcripts or statement of evidence. See Mass. R. A. P. 8, as amended through 388 Mass. 1106 (1983). The only finding is that indicated on the docket and on the motion in which the judge indicated his conclusion that the defendant NGIIA had waived arbitration. The record does indicate that the defendants argued the applicable Federal law to the judge. The defendants, however, have failed to provide us with a record from which we could conclude that, in light of the Federal policy favoring arbitration, the judge abused his discretion. See *School Comm. of Danvers* v. *Tyman,* 372 Mass. 106, 108 n.3 (1977). On this inadequate record, the defendants have made no showing that the judge abused his discretion in determining that the defendants had waived their right to arbitration.

For the foregoing reasons, we affirm the judge's denial of the defendants' motion to stay proceedings and request for an order compelling arbitration. We remand this action to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*