Sherman, P.J.
This is an appeal by the third-party defendants, Rogers Hall Jaycee Corporation and William T. Flanagan (“Rogers Hall” or the “owner:) from a judgment in favor of their former architects, W. Lewis Barlow IV and Architects, Inc. (“Barlow” or the “architect”) on Barlow’s third-party complaint for services rendered.
The issues raised on this appeal by Rogers Hall are whether the arbitration clause in the third-parties’ contract divested the trial court of subject matter jurisdiction and whether Barlow’s claim is barred by a prior release.
The report indicates that on July 16, 1987, Rogers Hall, as owner, and Barlow, as architect, executed an American Institute of Architects (“AIA”) Standard Form Agreement for the constriction of a four-story apartment building in Lowell, Massachusetts. The AIA Standard Form was modified at the owner’s request to include Article 12 which provided, in relevant part:
The architect, on behalf of the owner, will procure all required survey information as set forth in Article 4 subparagraph 4.5. Compensation shall be made as set forth in Article 11 subparagraph 11.4.1
Pursuant to Articlel 2, Barlow contracted with J.F. Hennessy Co.,Inc. (“Hennessy”), the plaintiff in this action, for the necessary survey work. Hennessy satisfactorily performed the required survey services, but received no payment. On January 30, 1990, Hennessy initiated this action in contract againstBarlow to recover$8,471.50for services rendered plus $864.88 in delinquency charges.
On August 6, 1990, Barlow filed both an answer and a third-party complaint against Rogers Hall. Barlow admitted its contractual indebtedness to Hennessy for the survey services, but denied any liability for delinquency charges. Based on such admission, Hennessy’s motion for judgment on the pleadings was allowed, and damages of approximately $9,000.00 were assessed against Barlow for the amount of Hennessy’s claim plus attorneys’ fees. The court also allowed Barlow’s motion to stay execution pending the resolution of its third-party claim.
Barlow’s third-party complaint, as amended, sought damages against Rogers Hall in an amount equal to the judgment against Barlow on Hennessy’s complaint, Dist./ *228 Mun. Cts. R. Civ. R, Rule 14(a),[5] plus all monies owed by Rogers Hall for “extra services rendered” by Barlow.
On February 7, 1991, Rogers Hall answered byway of general denials and various affirmative defenses which did not include any assertion of contractual arbitration rights or payment and release. In May, 1991, Rogers Hall filed its responses to Barlow’s request for admissions.
During the course of the January 29, 1992 trial of the third-party action, Rogers Hall introduced into evidence a purported “general release”[6] of all contractual claims by Barlow. At the close of the third-party plaintiffs case, Rogers Hall moved for a “directed verdict” on the basis of the release and on the additional ground that the court lacked subject matter jurisdiction given the arbitration clause contained in the third parties’ AIA agreement. The motion was denied.
At the close of all the evidence, Rogers Hall filed the following two requests for rulings of law, reiterating the grounds of its “directed verdict” motion:[7]
1. [T] his court lacks subject matter jurisdiction. Article 7 of the written agreement between the parties calls for arbitration of any claims arising out of this Agreement. The written Agreement between the parties calling for arbitration is specifically enforceable pursuant to Massachusetts General Laws, Chapter 251, Section 1.
2. [Ojn or about October 22,1987, the Third Party Defendants paid Third Party Plaintiff the sum of $4,175.00 in full satisfaction of the Agreement between the parties. Third Party Plaintiff executed a Release of any and all claims as a result of said payment thereby barring this action.
The trial court denied these requests, and entered judgmentfor third-party plaintiff Barlow in the amount of $7,500.00 plus interest and costs.
1. Contrary to the principal contention of Rogers Hall on this appeal, a contractual clauseforthe resolution of disputes by arbitration is notjurisdictional, Tumim v. Palefsky, 7 Mass. App. Ct. 847 (1979), in the sense that the court lacks any judicial authority other than to order the matter to arbitration. Although arbitration agreements are deemed “valid, enforceable and irrevocable” in this Commonwealth, G.L.c. 251, § 1 (“Uniform Arbitration Act”)[8], arbitration is a contractual right which may be waived.[9] *229 See generally, Roberto Construc. Co. v. Burnham-Manning Post #1105, 347 Mass. 400, 403-404 (1964); Agoos Kid Co. v. Blumenthal Import Corp., 282 Mass. 1, 14 (1933); Tumim v. Palefsky, supra at 847. Whether a party has waived arbitration is a question for the court to determine, and the “parties are precluded from contracting to exclude thecourtfromjurisdiction overthis issue.” Home Gas Corp. of Mass. v. Walter’s of Hadley, Inc., 403 Mass. 772, 774-775 (1989).
The standard for determining a forfeiture or waiver of the right to arbitration is whether “under the totality of the circumstances, the defaulting party acted 'inconsistently’ with the arbitration right... through a failure properly and timely to assert the right.” Id. at 775. It is clear that Rogers Hall never asserted its right to arbitration in compliance with Article 7.2 of the parties’ agreement which required the filing of a written demand with Barlow “within a reasonable time” after the third party claim arose.[10] Indeed, Rogers Hall never served any written arbitration demand upon Barlow at any time during the twelve months which elapsed between its answer to the third party complaint and the trial and entry of judgment in this case. Further, Rogers Hall failed to assert any right to arbitration in its answer, in its responses to Barlow’s requests for admissions or during the pretrial conferencing of this case. No request was ever made to the trial court for a stay of proceedings to enable Rogers Hall to obtain an order to compel arbitration.
The factors to be considered by a court in deciding the issue of waiver include:
Whether the party has actually participated in the lawsuit.. Whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff... whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand...
Home Gas Corp. of Massachusetts v. Walter's of Hadley, Inc., supra at 775-776. On the basis of such factors, we find no abuse of discretion, Martin v. Norwood, 395 Mass. 159, 161 (1985), in the trial court’s determination that the delay by Rogers Hall in not asserting its arbitration rights until the close of the plaintiffs evidence during the actual trial of this matter constituted a waiver of such rights. There was no error in the denial of request for ruling number one.
2. There is also no merit in Rogers Hall’s contention that the following constituted a “general release” by Barlow of any and all claims against Rogers Hall which arose from the parties’ agreement:
In consideration of $4,175.00 paid to Bill Barlow on October 22, 1987, Bill Barlow agrees to hold Rogers Hall Associates/Jaycee Housing Corporation harmless from any and all claims arising from the navment of said sum pursuant to the contract entered into between the parties on July 16, 1987 [emphasis supplied].
Construing this release in accordance with the ordinary meaning of the language employed and giving effect to each of its terms, Tupper v. Hancock, 319 Mass. 105, 108 (1946), it is obvious that the parties did not intend this as a general release sufficiently *230 comprehensive to include all claims arising from the parties’ agreement. Compare general releases in Schuster v. Baskin, 354 Mass. 137 (1968); Tupper v. Hancock, supra; Glendale Coal Co. v. Nesson, 312 Mass. 293 (1942); Purity Supreme, Inc. v. Marshall Contractors, Inc., 12 Mass. App. 7 Ct. 966 (1981). The express terms of the release in question strictly limited its scope to “claims arising from the payment of said” $4,175.00 to Barlow on October 22, 1987. The document was, therefore, a specific rather then general release confined to particular, limited claims. See Wine v. Commonwealth, 301 Mass. 451 (1938); Griffith v. New England Tel. & Tel. Co., 32 Mass. App. Ct. 79 (1992). Such specific release did not bar Barlow’s recovery in this action on his third-party complaint for separate, additional compensation and reimbursements for which Rogers Hall remained liable under the parties’ agreement.
There being no error, the report is dismissed.

 At any time after commencement of the action a defending party, as a third-parly plaintiff, may... cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff’s claim against him.”

 Strict compliance with Dist./Mun. Cts. R. Civ. P., 8(c) would require the exclusion of a release defense whichhad notbeen affirmatively pleaded. See, generally, Building Insp. of Lancaster v. Sanderson, 372 Mass. 157, 162 (1977). However, a more “pragmatic” approach to the rules of civil procedure permits a Rule 8 (c) defense even though “not affirmatively pleaded, if the issue is tried by the express or implied consent of the parties and there is no prejudicial surprise...” National Med. Care, Inc. v. Zigelbaum, 18 Mass. App. Ct 570, 578-579 (1984). See also Methuen Retire. Brd. v. Contributory Retire. Appeal Brd., 384 Mass. 797 (1981).

 As Rogers Hall properly filed Dist/Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings to raise and preserve issues of law, it is unnecessary to address at length the nature of a “directed verdict” motion in a district court action tried without a jury. See Mass. R. Civ. P., Rule 50, which is inapplicable to district court procedure. But Cf. Joseph Freedman Co. v. North Penn Transfer Inc., 388 Mass. 551, 553-554 (1983). See also Dist/Mun. Cts. R. Civ. P., Rule 41 (b) (2).

 See generally, for Massachusetts strict enforcement of arbitration agreements according to theirterms, Stop & Shop Cos. v. Gilbane Bldg. Co., 364 Mass. 325 (1973); Glenn Acres, Inc. v. Cliffwood Corp., 353 Mass. 150 (1967).

 The possibility of waiver is expressly anticipated in the arbitration clause setforth as Article 7 of the third-parties’ AIA Agreement Subparagraph 7.1 provides: “Claims, disputes or other matters in question between the parties to this Agreement shall be subject to and decided by arbitration... unless the parties mutually agree otherwise [emphasis supplied].”

 Article 7.2 states: “Demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. A demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matters in question would be barred by the applicable statutes of limitations.”