Brassard, J.
The plaintiff, Francis Harvey & Sons, Inc. (Harvey), brings this action in connection with a construction contract (Contract) made with the defendant, Trustees of Amherst College (Trustees). Under the Contract, both parties have a right to arbitration with respect to any dispute arising out of the agreement. Harvey now seeks to stay proceedings in this court pending the outcome of arbitration. For the following reasons, the plaintiffs motion to stay proceedings pending arbitration is ALLOWED.
BACKGROUND
This case arises from a dispute between Harvey and the Trustees regarding the nature of the Contract executed by the parties on May 2, 1994. The Contract required Harvey to perform certain construction and renovation duties in connection with the renovations of a dining hall at Amherst College. The Contract provides that “any . . . claim, dispute or other matter in question arising out of or related to this Agreement” shall be resolved by mediation and, if necessary, by arbitration in accordance with the rules of the American Arbitration Association (the AAA).
On September 15, 1995, Harvey forwarded to the AAA a “Submission to Mediation.” In the request for mediation, Harvey indicated that it sought payment for the cost of work performed, consequential damages as well as double or treble damages and attorneys fees pursuant to G.L.c. 93A, §§2 and 11. On September 27, 1995, the Trustees were served with Harvey’s complaint in the instant action, which was filed with the court on September 25, 1995. The complaint seeks damages for an alleged violation of G.L.c. 93A, §§2 and 11 in connection with the Trustees’ failure to pay Harvey under the Contract.
The Trustees chose not to move for dismissal of this action. On October 31, 1995, the Trustees filed an answer and asserted counterclaims against Harvey. Harvey filed its response on December 4, 1995.
Harvey now seeks to stay the proceedings as to the civil action it initiated, pending arbitration, and to compel arbitration of the Trustees’ counterclaims. The Trustees oppose both motions on the ground that Harvey has waived its right to arbitration by initiating this suit. Harvey responds that it initiated this suit to preserve its right to multiple damages.
DISCUSSION
The determination of whether a party has waived arbitration rests with the court. Martin v. Norwood, 395 Mass. 159, 162 (1985). A court must not presume lightly a waiver of a right to arbitrate a controversy. Id. By its adoption of the Uniform Arbitration Act, G.L.c. 251, §1 to 19, Massachusetts has expressed “a strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes.” Danvers v. Wexler Constr. Co., 12 Mass.App.Ct. 160, 163 (1981). The Arbitration Act establishes that “any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver.” Carpenter v. Pomerantz, 36 Mass.App.Ct. 627, 632 (1994).
The “essential question” before the court in determining whether a party to an arbitration provision has waived its right is “whether, under the totality of the circumstances, the defaulting party acted ‘inconsistently’ with the arbitration right.” Martin, 395 Mass. at 162, quoting Dickinson v. Heinold Sec. Inc., 661 F.2d 638, 641 (7th Cir. 1981). “Acourt, thus, must consider ‘what set of facts will justify holding that a party has waived his rights to arbitration.’ ” Home Gas Corp. of Massachusetts, Inc. v. Walter’s of Hadley, Inc., 403 Mass. 772, 775 (1989), quoting United Nuclear Corp. v. General Atomic Co., 93 N.M. 105, 122, cert. denied, 444 U.S. 911 (1979). In deciding the issue of waiver, the court will consider “whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right . . . whether the litigation machinery has been substantially invoked and the parties are well into preparation of a lawsuit by the time the intention to arbitrate was communicated by the defendant to the plaintiff . . . whether there has been a long delay in seeking the stay or whether the enforcement of the arbitration was brought up when trial was near at hand . . . Other relevant factors are whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings . . . *58 whether important intervening steps (e.g. taking advantage of judicial discovery procedures not available in arbitration . . .) had taken place . . . and whether the other parly was affected, misled, or prejudiced by the delay.” Home Gas Corp., 403 Mass. at 775-76, quoting Reid Burton Constr. Inc. v. Carpenters Dist. Council, 614 F.2d 698, 702 (10th Cir.), cert. denied, 449 U.S. 824 (1980) (citations omitted). In the case at bar, the existence of the Trustees’ counterclaims, which were properly made in reply to the original complaint, certainly weighs against granting the stay. Nevertheless, the balance of the factors considered in the judicial determination of waiver support Harvey’s position that there has been no waiver. There has been no showing by the Trustees that the grant of the stay would be inequitable or result in undue prejudice. Furthermore, based on the materials before the court, the “litigation machinery” has not been put into full motion — -the case remains at the pleading stage. No discovery or other “intervening steps” have taken place.
In addition, the claim brought by Harvey in its complaint is narrow. The claim is limited to an alleged violation of G.L.c. 93A, seeking multiple damages and attorneys fees.[1] This is not a case in which the parties threaten to “ ‘waste scarce judicial time and effort.’ ” Home Gas Corp., 403 Mass. at 778, quoting Jones Motor Co. v. Chauffeurs Local No. 633, 671 F.2d 38, 43 (1st Cir. 1982). Most cases in which courts have found waiver involve attempts to invoke arbitration only after judicial proceedings are complete or nearly so. See, e.g., Home Gas Corp., 403 Mass. at 772; Martin, 395 Mass. at 159; Carpenter, 36 Mass.App.Ct. at 627. Harvey notified the Trustees of its intention to exercise its arbitration rights several days prior to filing the 93A claim in court.
Based on the totality of the circumstances in this case, the court declines to find that Harvey has waived its right to arbitration. Although the separate filing of the G.L.c. 93A claim with the court may have been quixotic, the facts of this case do not warrant a finding of implicit waiver. As such, Harvey’s 93A claim and the Trustees’ counterclaims shall be stayed pending the outcome of the arbitration under the contract between the parties. The Trustees’ counterclaims should be addressed through arbitration to the extent that they fall within the scope of the arbitration provision. See Danvers v. Wexler Constr. Co., 12 Mass.App.Ct. 160 (1981)
ORDER
For the foregoing reasons, Plaintiffs Motion to Stay Proceedings Pending Arbitration is ALLOWED.

The Trustees are correct in their assertion that the court may not double or triple an arbitration award under G.L.c. 93A. Bonofiglio v. Commercial Union Ins. Co., 411 Mass. 31, 37-38 (1991).