Curtin, J.
This is a Dist./Mun. Cts. RA.D.A, Rule 8A, expedited appeal of the allowance of the defendants’ motion to dismiss on the ground that the arbitration clause in the parties’ contract deprived the trial court of subject matter jurisdiction.
The record indicates that on September 5, 2002, plaintiff Michael D. Meadows, a builder,, executed a written contract with defendant Rick Floramo (“Floramo”) to provide “management and supervision services” on a construction project on real estate owned by Floramo’s mother, defendant Grace Floramo, as Trustee. Article 11 of the parties’ contract provided that “[a]ny controversy or claim arising out of or relating to this contract shall be settled by arbitration administered by the American Arbitration Association. ...” Meadows alleges that Floramo ultimately discharged him from the project without paying for labor and materials Meadows had supplied.
On August 22, 2003, Meadows commenced this action to perfect a G.L.c. 254, §1 contractor’s lien he had filed against the property and to recover for the defendants’ alleged breach of contract, deceit and G.Lc. 93A unfair and deceptive practices. On September 17, 2003, the defendants filed a motion to dismiss the action with prejudice for lack of subject matter jurisdiction based on the arbitration clause. The defendants never marked their motion for hearing. Nor does the record indicate that the defendants ever made any request or demand for arbitration.
After months of inaction by the defendants, Meadows filed a motion on April 13, 2004 to strike or deny the defendants’ dismissal motion. After hearing, the court allowed the defendants’ motion and entered a judgment of dismissal.
“It is well settled that a clause providing for the resolution by arbitration of disputes arising under an agreement is not jurisdictional....” Tumim v. Palesfsky, 7 Mass. App. Ct. 847 (1979), citing Morales Rivera v. Sea Land of P.R., Inc., 418 F.2d 725, 726 (1st Cir.1979). Where, as in the instant case, there is an “absence of an adequate demand for arbitration by either party or recourse to proceedings [under G.Lc. 251, §2(a)] to compel arbitration,” an action for breach of the parties’ contract or for additional claims arising from the same is “not precluded by the arbitration clause.” Hanslin Builders, Inc. v. Britt Development Corp., 15 Mass. App. Ct. 319, 321 (1983).
Accordingly, the judgment of dismissal is vacated, the allowance of the defendants’ motion is reversed and the action is returned to the trial court.
So ordered.