Brant, J.
On October 23, 2003, the plaintiff, Cynthia Brandt (“Brandt”), entered into an agreement with the defendant, Monika Patience (“Patience”), to purchase the accounting practice that Patience had been operating. The parties executed an Asset Purchase Agreement (“purchase agreement”) for the sale of the practice that, among other provisions, stated that in the event of any dispute concerning the sale, the matter would first be submitted to mediation and then to binding arbitration. The purchase agreement also contained a provision that in the event of litigation between the parties, the prevailing party would be entitled to reasonable attorney’s fees, costs, and expenses incurred in the prosecution or defense of the action.
Sometime after signing the purchase agreement and taking over the accounting practice, Brandt stopped making the required payments under the agreement because she alleged that there were certain problems with the practice. As provided in the agreement, Patience requested that the matter be arbitrated after lawyers for Brandt and Patience had failed to mediate the dispute. The arbitrator ruled that Brandt did not have to pay Patience the $46,500.00 remaining on the purchase price because of substantial breach of the contract provisions by Patience.
Patience appealed the arbitrator’s findings first to the district court, which dismissed the action, then to the superior court, which affirmed the arbitrator’s findings, and finally to the Appeals Court, which also permitted the arbitrator’s findings to stand. In its decision, the Appeals Court denied Brandt’s request for appellate attorney’s fees.
Brandt brought this action against Patience seeking attorney’s fees as provided in the purchase agreement. After the trial judge received assurances from both Brandt and Patience that they wanted the matter to be resolved in the lawsuit rather than through arbitration, the case went to trial without a jury with a judgment for Brandt and an award of $13,340.47 in attorney’s fees and costs.
Patience subsequently filed a timely notice of appeal six days after the trial judge issued his opinion. After filing her notice of appeal, Patience did nothing further for five months, and then wrote to the trial court asldng when the record would be assembled. Three weeks later, she again wrote to the court, this time stating that she would not be ordering a transcript. One month after that, she filed a motion to dismiss the case alleging that the trial court lacked subject matter jurisdiction. The trial judge denied the motion. Patience then filed a motion to have the trial court assemble the record, and Brandt moved to dismiss Patience’s appeal and to issue an execution. The trial judge allowed Brandt’s motion. Patience appealed.
*252 1. With regard to subject matter jurisdiction, it is clear that the issue of attorney’s fees could have been the subject of the original or a subsequent arbitration. But neither Brandt nor Patience sought arbitration of the attorney’s fees issue. “It is well settled that a clause providing for the resolution by arbitration of disputes... is not jurisdictional, and that the parties waive the arbitration clause if... they proceed to a trial of the issues in dispute without making a request for arbitration” (citation omitted). Tumim v. Palefsky, 7 Mass. App. Ct. 847 (1979). An action for breach of contract that could have been the subject of arbitration may be litigated if neither party seeks arbitration. Meadows v. Floramo, 2005 Mass. App. Div. 6. In this case, the trial judge specifically asked the parties before trial whether the issue of attorney’s fees had been or would be the subject of arbitration. Patience specifically stated that she wanted the matter to be settled in the litigation. Thus, the matter was properly before the judge.
Similarly, the denial of appellate attorney’s fees by the Appeals Court does not determine the result here. Since the purchase agreement specifically provided for attorney’s fees for the prevailing party in any litigation arising from disputes about the agreement, Brandt clearly had a claim that, as noted, she could pursue by means of litigation in the trial court.
2. After losing in the trial court, Patience filed a timely notice of appeal, but did not file a “document captioned ‘Appeal on the Record of Proceedings’” as required by Dist./Mun. Cts. R. A. D. A, Rule 8C(b). That rule requires that the document be filed within thirty days of filing of the notice of appeal. After more than six months had passed in which Patience did not file the required document, Brandt finally moved to dismiss the appeal. The law is clear that failure to file the required Rule 8C designation is a serious misstep for which the presumptive penalty is dismissal of the appeal. Choice Health, Douglas Inv. Group v. Devcon Enters., Inc., 2006 Mass. App. Div. 93, 94. In order for the time for filing the designation to be enlarged, the appealing party must show that there were unique or extraordinary circumstances justifying the failure to comply with the rule. Signature Flight Support Corp. v. Global NAPs Realty, Inc., 2005 Mass. App. Div. 24, 27-28, citing Dist./Mun. Cts. R. A. D. A., Rule 14(b). Patience has failed to give any reasons other than inadvertence for her inattention to her responsibilities as the appellant here. She merely argues that there is merit to the appeal. Nevertheless, in light of her serious procedural mistake, and in the absence of any good cause for enlarging the time, the dismissal of the appeal was proper. Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78.
Appeal dismissed.
So ordered.