This appeal arises out of disputes between a painting subcontractor, Odyssey Contracting Corporation (Odyssey), and the general contractor, White-Skanska-Consigli, JV (WSC),[3] related to the construction and renovation of the Longfellow Bridge between Boston and Cambridge. WSC moved to compel arbitration of all claims in Odyssey's first amended complaint, which alleged breach of contract, beach of the covenant of good faith and fair dealing, fraud, fraudulent inducement, and violations of G. L. c. 93A. In a written memorandum of decision, a Superior Court judge allowed the motion in large part, concluding that the terms of the subcontract gave WSC the option to elect to submit any dispute to arbitration. However, as to two of the issues in dispute, (1) "winter payment terms," and (2) "ARG payment percentages," the judge concluded that WSC had expressly waived its right to elect arbitration. On appeal pursuant to G. L. c. 251, § 18(a )(1), WSC challenges the denial of its motion to compel arbitration as to those issues. We reverse.
Background. We briefly summarize the facts relevant to that motion.
Odyssey entered into a subcontract with WSC to provide labor and materials for the painting work on the Longfellow Bridge. The subcontract provided that WSC had "the option, at its election, to submit any dispute to arbitration." The subcontract further provided that, before a dispute could be arbitrated or litigated, the parties would conduct a "principal's [sic ] meeting" and make good faith efforts to resolve the dispute. The parties also agreed that if the principals' meeting did not resolve the dispute, they would submit the dispute to mediation.
Multiple disputes between the parties arose. On August 12, 2014, Odyssey sent WSC a letter which stated:
"Having failed to reach an agreement on the two issues on the agenda, and your lack of interest in discussing the winter costs, this will confirm that we agreed to waive the mediation step set forth in the Subcontract and proceed directly to arbitration. Attached is our memo summarizing the meeting and requesting confirmation that WSC will elect to arbitrate as it has previously for [other] claims."
The letter went on to discuss an additional dispute about extra winter weather costs and how they should be calculated. The letter further provided: "In the event that you are not interested in settling the winter costs then we request your concurrence to skip the intermediate steps and proceeding [sic ] to arbitration for all our claims."
WSC responded in a letter dated August 14, 2014:
"As requested by you WSC is willing to skip mediation on the two items we have had a Principals meeting on, Winter Payment terms per our January 20th agreement & ARG payment percentages by specification section 961 rather than section 960. As we discussed in the meeting, these are contract interpretation issues and should be resolved through litigation, if necessary, in Suffolk Superior Court, Boston, Massachusetts. We will not elect arbitration on these issues. Moreover, we will require a Principals meeting and mediation on all future claims."
Despite originally proposing that the parties bypass mediation, Odyssey ultimately insisted on mediating the relevant claims. When mediation failed, Odyssey filed its complaint against WSC in Superior Court.[4] In response, WSC filed a motion to compel arbitration pursuant to the provisions of the subcontract. Odyssey opposed the motion, arguing that WSC waived its right to arbitration in the August 14 letter.
The judge concluded that WSC had "waived arbitration only with respect to the two issues identified in its August 14, 2014 letter to Odyssey: 'Winter Payment terms per our January 20th agreement & ARG payment percentages by specification section 961 rather than section 960.' ... [A]ll other issues besides the two for which arbitration was expressly waived in the August 14, 2014 letter, must be submitted to arbitration."
Discussion. 1. Standard of review. General Laws c. 251, § 18(a )(1), authorizes an appeal directly from the denial of a motion to compel arbitration. See Joulé, Inc. v. Simmons, 459 Mass. 88, 92 (2011). Generally, we review a judge's order on a motion to compel arbitration de novo. See Miller v. Cotter, 448 Mass. 671, 676 (2007) (enforceability of arbitration agreement); Warfield v. Beth Israel Deaconess Med. Ctr., Inc., 454 Mass. 390, 395 (2009) (arbitrability of statutory employment discrimination claims); Joulé, Inc. v. Simmons, supra (impact of arbitration clause on Massachusetts Commission Against Discrimination proceedings); Machado v. System4 LLC, 471 Mass. 204, 208 (2015) (enforceability of arbitration clause by nonsignatory).
However, we review a determination of waiver for abuse of discretion. Martin v. Norwood, 395 Mass. 159, 162 (1985) ("An appellate court, reviewing a judge's finding that a party has waived arbitration, must determine whether, in light of the strong ... policy favoring arbitration, the judge abused his discretion"); Chamberland v. Arbella Mut. Ins. Co., 91 Mass. App. Ct. 680, 684 (2017). A judge's clear error as to application of law to the relevant facts before the court constitutes abuse of discretion. See Freedman v. Freedman, 49 Mass. App. Ct. 519, 521 (2000) ; Jaynes, petitioner, 88 Mass. App. Ct. 745, 747 (2015).
2. Waiver. An agreement to arbitrate a dispute, like any contractual provision, may be waived. See Weston Sec. Corp. v. Aykanian, 46 Mass. App. Ct. 72, 80 (1998). "Under the common law of contracts, waiver is the 'intentional relinquishment of a known right.' " BourgeoisWhite, LLP v. Sterling Lion, LLC, 91 Mass. App. Ct. 114, 119 (2017), quoting from Dynamic Mach. Works, Inc. v. Machine & Elec. Consultants, Inc., 444 Mass. 768, 771 (2005). "Waiver may be express or 'inferred from a party's conduct and the surrounding circumstances.' " BourgeoisWhite, LLP v. Sterling Lion, LLC, supra, quoting from Dynamic Mach. Works, Inc. v. Machine & Elec. Consultants, Inc., supra at 774. See Martin v. Norwood, supra ("An individual explicitly or by inference may waive the right to arbitrate an otherwise arbitrable dispute").
WSC argues that the judge erred in concluding that it expressly waived its right to arbitrate the claims related to winter payment terms and ARG payment percentages. More specifically, WSC contends that its proposal to proceed directly to litigation was conditioned upon the parties bypassing mediation as to those issues. While the August 14 letter does not explicitly state that WSC's agreement not to elect arbitration was contingent upon bypassing mediation, read in the context of the parties' ongoing negotiations, it is the most reasonable interpretation of the letter.
Odyssey's August 12 letter proposed to skip mediation as to all claims and proceed directly to arbitration WSC did not agree and, in its August 14 response, countered with a proposal to skip mediation only as to the winter payment terms and ARG payment percentages, and go directly to litigation of those issues without arbitration. Odyssey did not accept the counter proposal and demanded mediation on all seventeen pending claims. Odyssey filed its complaint months later when the mediation failed.
Bearing in mind the strong public policy favoring arbitration of commercial disputes, Home Gas Corp. of Mass., Inc. v. Walter's of Hadley, Inc., 403 Mass. 772, 774 (1989), we conclude that WSC's August 14 letter was a proposal to alter the contract's dispute resolution procedures, rather than an unconditional election to bypass arbitration and litigate the issues. When Odyssey rejected WSC's proposal, WSC was free to change its position and elect arbitration. Simply put, in the circumstances presented here, it was error to conclude that WSC expressly waived its contractual right to elect arbitration.
So much of the order as denied the motion to compel arbitration is reversed. The order is otherwise affirmed.
So ordered.
Affirmed.

WSC is the joint venture of the three corporate defendants. We shall refer to WSC as the defendant.

On May 5, 2016, Odyssey filed an amended complaint.