NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-46

FREDERICK PETERSEN

vs.

CHAD WALL.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Mary Petersen (Mary), the niece of the plaintiff, Frederick Petersen (Frederick), appeals from a Superior Court judge's order denying her motion to substitute as a party in interest, and from a judgment allowing the cross-motion of the defendant, Chad Wall (Wall), to dismiss Frederick's claims.  For the reasons stated herein, we vacate the judgment and reverse the order denying Mary's motion to substitute as a party in interest and remand for further orders consistent with this memorandum and order, including a new judgment of dismissal.

---

[1] Crystal Clear Sewer & Drain, LLC (Crystal Clear), was a party to this action but has since been legally dissolved.

1.  Background.  Frederick and Wall formed Crystal Clear Sewer & Drain, LLC (Crystal Clear) in 2006.  Crystal Clear's operating agreement provided, in relevant part, that Frederick and Wall each owned fifty-percent membership interests in Crystal Clear, and that "[a]ny dispute arising out of or in connection with [the operating agreement] would be settled by arbitration . . . and any decision rendered in such arbitration shall have the same effect as if made by a court having proper jurisdiction."

In April of 2020, Frederick filed the present action against Crystal Clear and Wall in the Superior Court asserting, inter alia, (1) that Wall breached Crystal Clear's operating agreement by failing to pay Frederick a share of the company's profits, and (2) that Wall breached his fiduciary duty to Frederick by failing to pay dividends or "give [Frederick] any benefit of his ownership" in the company.  On July 21, 2020, Crystal Clear and Wall jointly answered Frederick's complaint, wherein they raised twenty-one affirmative defenses and demanded a jury trial.  In particular, the defendants asserted that Frederick "ha[d] no standing to pursue said cause of action in this forum pursuant to the express terms and conditions of the [a]rbitration [c]lause contained in the subject [o]perating [a]greement."

2

In August of 2020, Frederick served Crystal Clear and Wall with written discovery requests, to which neither responded. In December of 2020, Mary acting under a limited power of attorney, filed a motion to compel discovery on Frederick's behalf. This motion, to which the defendants again did not respond, was allowed in January of 2021.

In March of 2021, Crystal Clear filed for Chapter 7 bankruptcy protection and an automatic stay entered in the litigation in the Superior Court. On December 26, 2022, Frederick executed a notarized document titled "Assignment of Legal Interest" assigning Mary "all right, title, and interest that [he] ever had or may hereafter have in and to" the ongoing litigation in the Superior Court. The document further provided Frederick's "express intention that . . . Mary Petersen have the full right and authority to prosecute the [a]ction in her own name and to be entitled to receive for her benefit any monetary award . . . that may be ordered by the court in the action. . . ."

On January 12, 2023, the bankruptcy matter closed, and Crystal Clear was dissolved as a legal entity. In March of 2023, Frederick died in Florida, and Frederick's son was appointed as personal representative of Frederick's estate. Shortly after Frederick's death, Mary filed a motion in the Superior Court action to substitute herself as the real party of

3

interest, incorporating the December 2022 assignment document signed by Frederick.  In response, Wall submitted a motion in opposition and a cross-motion to dismiss the complaint, arguing that the claims were moot, and in any event, barred by the arbitration clause in Crystal Clear's operating agreement.  The judge concluded that Frederick's estate "should have the opportunity to challenge the assignment and substitute itself as plaintiff if it wish[ed]."  No action was taken on Wall's cross-motion to dismiss pending a ruling on the motion to substitute . A hearing on the motion to substitute was held in August of 2023, but the estate's personal representative failed to appear. Frederick's estate was closed in February of 2024.

On May 14, 2024, a Superior Court judge denied Mary's motion to substitute as a party in interest, concluding that Frederick's assignment transferring his interest in the litigation was invalid for lack of consideration.  The judge, however, declined to rule on Wall's cross-motion to dismiss.  On July 24, 2024, Mary filed a motion for reconsideration.  A different judge held a status conference on August 1, 2024, and on August 12, 2024, the docket reflects that the second judge allowed the cross motion to dismiss on the grounds that "there is no party with standing to pursue the claims and oppose the

4

Motion."[2]  Judgment entered on August 23, 2023 stating that the matter would be resolved pursuant to the arbitration clause in the LLC operating agreement.  A notice of appeal was filed on October 11, 2024.[3]

2.  <u>Motion to substitute as a party in interest</u>.  We review the denial of a motion to substitute for abuse of discretion.  See <u>Bay Colony Const. Co</u>. v. <u>Town of Norwell</u>, 5 Mass. App. Ct. 801, 801 (1977).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives."  <u>L.L</u>. v. <u>Commonwealth</u>, 470 Mass. 169, 185 n.27 (2014).  As noted above,

---

[2] The record contains a written order dated July 26, 2024 granting the motion to dismiss for the same reasons, but the docket does not reflect that order.  Both the July 26, 2024 written order, the docket entry on August 12, 2024, and the judgment entered on August 23, 2024 are consistent.

[3] Wall asserts that the present appeal should be dismissed on procedural grounds because the notice of appeal's caption designates only Frederick as a party, and thus, purportedly fails to provide "fair notice" of Mary's intent to appeal the superior court's judgment.  We disagree.  Under Mass. R. A. P. 3 (c) (3), 491 Mass. 1602 (2023), "[a]n appeal should not be dismissed for minor defects, such as . . . failure to name a party whose intent to appeal is otherwise clear from the notice . . . ."  Here, the notice of appeal is signed "Mary Petersen, Under Assignment of claim from Frederick Petersen."  We therefore conclude that Mary's intent to appeal was clear from the notice, despite the omission of her name in the notice's caption.

5

the judge denied Mary's motion to substitute, reasoning that because Frederick's assignment contained "no language suggesting that Frederick received anything from Mary in exchange for his interest in [the] case," the assignment was invalid for lack of consideration.

Mary argues that Frederick's assignment of his interest in the litigation constituted a gift, and thus, did not require consideration to be valid.  Accordingly, Mary argues that it was an abuse of discretion to deny the motion to substitute on such grounds.  We agree.

In Cosmopolitan Trust Co. v. Leonard Watch Co., 249 Mass. 14, 19 (1924), the Supreme Judicial Court concluded that "no consideration is required to constitute a valid assignment . . . in cases of gifts . . . ."  "A valid assignment may be made by any words or acts which fairly indicate an intention to make the assignee the owner of a claim."  Id.  See also Graustein v. Boston & Me. R. R., 304 Mass. 23, 26 (1939).  Here, Frederick unambiguously intended to make Mary the assignee of "all right, title, and interest . . . in and to the lawsuit," for his "estate [to] have no claim whatsoever," and for Mary to have "the full right and authority to prosecute the Action in her own name . . . ."  Based on this plain language, the assignment constituted a gift, and we conclude that consideration was not required for the assignment to be valid.  Accordingly, we

6

conclude that the judge abused his discretion and we reverse the order denying Mary's motion to substitute.

3. <u>Motion to dismiss</u>. The judge allowed Wall's cross-motion to dismiss the complaint pursuant Crystal Clear's arbitration clause. In most circumstances "[w]e review the allowance of a motion to dismiss de novo." <u>Curtis</u> v. <u>Herb Chambers I-95, Inc.</u>, 458 Mass. 674, 676 (2011). However, where, as here, the judge's allowance of a motion to dismiss was based on a determination of whether a party waived its right to arbitration, we review such determination for abuse of discretion. See <u>Martin</u> v. <u>Norwood</u>, 395 Mass. 159, 162 (1985).

There is no bright-line rule to determine whether a party has waived its right to arbitration; rather, "[t]he essential question is whether, under the totality of the circumstances, the . . . party acted '"inconsistently" with the arbitration right.'" <u>Martin</u>, <u>supra</u> at 162, quoting <u>Dickinson</u> v. <u>Heinold Sec., Inc.</u>, 661 F.2d 638, 641 (7th Cir. 1981). To make this determination, courts look to the following factors:

> "[W]hether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated [,] . . . whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand [,] . . . whether the defendants have invoked the jurisdiction of the court by filing a counterclaim[,] . . . [and] whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration

. . .) [have] taken place. . . " (quotations and citations omitted).

Home Gas Corp. of Massachusetts, Inc. v. Walter's of Hadley, Inc., 403 Mass. 772, 776 (1989).

Mary contends that Wall "engaged in the litigation process" in a manner that was "inconsistent with any purported intent to arbitrate," and thus, waived his right to arbitration.  We disagree.  First, the record reflects that Wall asserted his right to arbitration well before "the litigation machinery was substantially invoked," when he, along with Crystal Clear, raised it as an affirmative defense.  See Home Gas Corp. of Massachusetts, Inc, 403 Mass. at 776.  Second, although approximately three years elapsed between the filing of the complaint and Wall's cross-motion to dismiss the complaint on arbitration grounds, much of the delay can be attributed to the automatic stay brought upon by Crystal Clear's bankruptcy filing.  See Carpenter v. Pomerantz, 36 Mass. App. Ct. 627, 632 (1994) (delay alone does not support waiver).  The litigation had not progressed beyond the pleading stage when Wall filed his cross-motion to dismiss the complaint, as noted by the judge in a preliminary order: "little litigation ha[d] occurred in [the] matter."  Lastly, as evidenced by the defendants' inaction in response to Frederick's discovery request and motion to compel, we are not persuaded that Wall "invoke[d] the jurisdiction of

8

the court" at any point in the litigation. Relevantly, at no point during the litigation did Wall file a counterclaim or seek discovery. Viewing Wall's actions under a totality of the circumstances, we conclude that the judge acted within her discretion in determining that Wall had not waived his right to arbitration.

4. <u>Conclusion</u>. We vacate the judgment and reverse the order denying the motion to substitute. We remand for entry of a new order allowing the motion and substituting Mary Petersen as plaintiff. A new judgment shall thereafter enter dismissing the case brought by Mary, the substituted plaintiff.

<u>So ordered</u>.

By the Court (Neyman,
  D'Angelo & Allen, JJ.[4]),

Clerk

Entered: January 21, 2026.

---

[4] The panelists are listed in order of seniority.

9